IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

HELEN EBLEN and KYLE E. BEVERLY, ) ROANE CHANCERY
and wife, JUDITH T. BEVERLY;    ) C. A. NO. 03A01-9709-CH-00423
                                )
        Plaintiffs-Appellees    )
                                )
                                )
                                )
                                )
                                )
vs.                             ) HON. FRANK V. WILLIAMS, III
                                ) CHANCELLOR
                                )
                                )
                                )
                                )
                                )
LUCILLE JOHNSON and CHERYL      ) AFFIRMED AND REMANDED
ROUSE,                          )
                                )
        Defendants              )
        Cheryl Rouse,           )
        Appellant               )

KATHLEEN E. McGEECHAN, Kingston, for Appellant.


HAROLD D. BALCOM, JR., Kingston, for appellees, Helen Eblen, Kyle
E. Beverly and wife, Judith T. Beverly.


JOHN AGEE, Cooley, Cooley & Agee, Kingston, for appellee, Lucille
Johnson.

McMurray, J.

Generally stated, this is a boundary line dispute. The plaintiffs and the defendant, Lucille Johnson, settled all issues between them. The defendant, Rouse, was the immediate vendee from the vendor, Johnson. Rouse filed a cross-claim against Johnson seeking rescission and reimbursement for improvements allegedly made on the property purchased from Johnson. Johnson also filed a cross-claim against Rouse, alleging that Rouse was trespassing on her property by virtue of having built a fence on Johnson's property. She sought damages and injunctive relief. After a bench trial, the trial court established the common boundaries between the litigants and dismissed the cross-claims. From the judgment of the trial court, the defendant, Rouse has appealed. We affirm the judgment of the trial court.

The defendant, Rouse, presents the following issues for our consideration:

1. Plaintiffs Beverly, mere pending vendees under a contingent purchase contract, without possession of property, did not have standing to bring this cause and are not proper parties plaintiff; and having sought relief jointly, this deficiency is fatal to the claim, and should therefore be dismissed in its entirety.

2. Alternatively, the boundary between Eblen and Johnson's parcels, as between those grantees, is dictated by the deeds of record from their common

2

grantor, with respect to both the parcels whether conveyed by quitclaim or by warranty deed, and upon which the court should have based its decision; the matter should be remanded for determination by an impartial survey to establish said line from common grantor's deeds.

3. Defendant Rouse's cross-claim against Johnson, being based upon the covenants and warranties of title contained in the deed, and clearly evidenced in the record, should not have been dismissed, nor should costs have been assessed as were done, plaintiff [sic] having done nothing to occasion or exacerbate this situation, but relying with clean hands in good faith on the warranties and covenants from her grantor, which should have been specifically performed.

As to the first issue of standing by the Beverleys, we note, that "[o]ne holding a valid contract for the purchase of realty ... has an equitable interest therein." Land Developers, Inc. v. Maxwell, 537 S.W.2d 904 (Tenn. 1976). There seems to be no rational basis why a contingent contract should be treated any differently than a non-contingent contract. In any event, this issue is controlled by Rule 20.01 and Rule 21 of the Tennessee Rules of Civil Procedure:

Rule 20.01, T.R.C.P., provides as follows:

**Rule 20. Permissive Joinder**. — All persons may join in one (1) action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one (1) action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of

3

transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 21, T.R.C.P. provides as follows:

Rule 21. Misjoinder and Nonjoinder of Parties.

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

We find no merit in the appellant's first issue.

Even though a court reporter was present at the trial, no transcript of the evidence or statement of the evidence has been filed in accordance with Rule 24, T.R.C.P. Therefore, we are unable to reach the merits of the remaining issues which were before the trial court. The issues are not pure matters of law, but address themselves also to the facts as found by the trial court.

Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment.

_Coakley v. Daniels_, 840 S.W.2d 367, 370 (Tenn. App. 1992). _See also_ _Word v. Word_, 937 S.W.2d 931, 932 (Tenn. App. 1996); _Sherrod v. Wix_, 849 S.W.2d 780, 783 (Tenn. App. 1992); _Irvin v. City of Clarksville_, 767 S.W.2d 649, 653 (Tenn. App. 1988).

Since we are unable to reach the merits of the appellant's remaining issues, we must resolve them against the appellant.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, J.

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE


HELEN EBLEN and KYLE E. BEVERLY,) ROANE CHANCERY
and wife, JUDITH T. BEVERLY;    ) C. A. NO. 03A01-9709-CH-00423
                                )
        Plaintiffs-Appellees    )
                                )
                                )
                                )
                                )
vs.                             ) HON. FRANK V. WILLIAMS, III
                                ) CHANCELLOR
                                )
                                )
                                )
                                )
LUCILLE JOHNSON and CHERYL      ) AFFIRMED AND REMANDED
ROUSE,                          )
                                )
        Defendants              )
        Cheryl Rouse,           )
        Appellant               )


**<u>JUDGMENT</u>**

       This appeal came on to be heard upon the record from the

Chancery Court of Roane County, briefs and argument of counsel.

Upon consideration thereof, this Court is of opinion that there was

no reversible error in the trial court.

       We affirm the judgment of the trial court in all respects.

Costs are assessed to the appellant and this case is remanded to

the trial court.


                              PER CURIAM